UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

L.A. McGREGOR,

       Plaintiff,

       v.                                   Case No. 08-2041-JWL

THE KANSAS REAL ESTATE
COMMISSION,

       Defendant.

_____

**MEMORANDUM & ORDER**

Plaintiff L.A. McGregor has filed several motions for extension of time to file an amended response and exhibits in response to Defendant KREC's Motion to Dismiss. KREC also has filed a separate motion to strike, for a hearing, and for attorney's fees related to Ms. McGregor's numerous motions. The court explains below the sequence of the numerous motions and its rulings on those motions.

**I.      Procedural Background**

Plaintiff L.A. McGregor filed a pro se Complaint with the Court on January 22, 2008, with allegations related to the revocation or suspension of her real estate license. Defendant The Kansas Real Estate Commission ("KREC") filed a Motion to Dismiss (doc. 10) on May 22, 2008, alleging a lack of subject matter jurisdiction, failure to state a

claim upon which relief can be granted, sovereign immunity, expiration of the statute of limitations, mootness, waiver, and laches.

On June 9, 2008, Plaintiff L.A. McGregor filed a Motion for Extension of Time to file a response. (doc. 13) The Court granted that motion on June 11, 2008, extending the response deadline to June 30, 2008. Then, on June 30, 2008, Ms. McGregor filed a Second Motion for Extension of Time to File Response (doc. 18). Over KREC's opposition to the extension (doc. 19) filed July 1, 2008, the Court granted Ms. McGregor's second motion for extension of time on July 2, 2008. The response deadline was extended to July 8, 2008. On July 8, 2008, Ms. McGregor filed yet another Motion for Extension of Time to File Response, which the court again granted on July 9, 2008. That Order extended the deadline to July 14, 2008. On that date, Ms. McGregor filed by fax her twenty-four page Response (doc. 23) to the Motion to Dismiss. In addition to her response to KREC's argument and explanation of her claims, she stated in that motion that she "will amend her answer to incorporate her exhibits and provide hard copies to the Court by July 16, 2008."

On July 16, 2008, Ms. McGregor filed a Request for Additional Time on Exhibits and to Amend Answer (doc. 24) because she said she must seek medical care due to arm and neck pain and must improve to finish the task of submitting her amended response and exhibits. On July 18, 2008, this court issued an Order denying that motion for lack of good cause, noting that Ms. McGregor already had filed a twenty four page response, made only general statements as to why she required yet another extension, and she already had been granted three previous extensions (doc. 25).

On July 21, 2008, Plaintiff filed a Motion to Amend Brief in Answer [her Response] to Defendant's Motion to Dismiss (doc. 26).  That document is essentially her proposed amended response, and it gives no reasoning as to why a motion to amend her previous response should be granted.  In the title of that document it also states it is a Motion to Submit Exhibits July 24, 2008.  On July 24, 2008, Ms. McGregor filed a Motion for Extension of Time to Submit Exhibits (doc. 27) until July 28, 2008, for her response to Defendant's Motion to Dismiss.  She filed this despite the fact that the Court never granted the doc. 26 Motion to Submit Exhibits July 24, 2008 and had already denied the doc. 24 Motion for Additional Time on Exhibits.  In the July 24, 2008, Motion (doc. 27) Ms. McGregor stated that she was delayed due to losing her job on February 29, 2008 and a delay in receiving her unemployment.  She also stated that she would have the exhibits fully copied on July 28, 2008 and then sent to opposing counsel.  She tendered exhibits to the Clerk's Office on July 25, 2008, potentially to file upon this Court's ruling of her July 24, 2008 Motion for Extension of Time (doc. 27).

On July 25, 2008, KREC filed a Motion to Strike, for Hearing, for Extension of Time and for Attorney's Fees (doc. 28).  KREC moves the court to strike from the record the July 25, 2008 exhibits tendered to the Clerk's Office as well as documents 26 and 27, which are Ms. McGregor's motions to amend her response and for extension of time to file exhibits. Furthermore, KREC requests a hearing to receive guidance from the court and clarification by the plaintiff as to what matters are being litigated.  Specifically, it is unclear to KREC which documents constitute Ms. McGregor's response to KREC's Motion to Dismiss.  Correspondingly, KREC requests an extension of time to a date

twenty-three days past the court's decision on these issues to file a Reply to Ms. McGregor's Response to KREC's Motion to Dismiss.  Last, KREC requests that the court order Ms. McGregor to pay attorney's fees, as the instant motion was not a necessary part of litigation but for Ms. McGregor's decision to disregard this Court's July 18, 2008, Order.

The final motion before the court is Ms. McGregor's Motion for Reconsideration (doc. 29) of this Court's July 18, 2008, Order (doc. 25) that denied Ms. McGregor's Motion/Request for Additional Time on Exhibits and to Amend Answer (doc. 24).  Ms. McGregor sets forth a list of several injuries that she has sustained over the past decade, as well as the difficulties related to employment that she has encountered.  Essentially, she alleges that "money and medical limitations" prevented her from complying with the Court's deadlines.  (doc. 29, at 4)

## II.    Standards and Discussion

Because Ms. McGregor is proceeding pro se, the Court liberally construes her motions.  *Starr v. Downs*, 271 Fed. Appx. 746, 748, 2008 WL 822271, *2 (10th Cir. Mar. 27, 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991)).  This means that the Court can make some allowances for "plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  Despite this liberal construction, "the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."  *Sydney v. ConMed Elec. Surgery*, 275

4

Fed. Appx. 748, 2008 WL 1766871, *2, n.2 (10th Cir. Apr. 18, 2008) (discussing construing pleadings) (quoting *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir.1991)). "The district court's duty to construe pro se pleadings liberally does not obligate it to act as an advocate for [the p]laintiff." *Chandler v. Rodriguez*, 74 Fed. Appx. 1, 4, 2003 WL 21666671, *3 (10th Cir. July 17, 2003). Likewise, even though Ms. McGregor proceeds pro se, she must still comply with the applicable rules. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994))).

The court first evaluates the merits of Ms. McGregor's Motion for Reconsideration (doc. 29) of this Court's July 18, 2008, Order (doc. 25). The July 18, 2008, Order was non-dispositive. "While the Federal Rules of Civil Procedure do not expressly recognize a motion to reconsider an interlocutory order, under Tenth Circuit law the district court nonetheless retains the discretion to reconsider and revise such orders." *Rasure v. Sitter*, 2007 WL 3046225 (D. Colo. Oct. 17, 2007) (citing *Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988) ("It is within the District Judge's discretion to revise his interlocutory orders prior to entry of final judgment." (citing Fed. R. Civ. Pro. 54(b)))). "A party may file a motion asking a judge . . . to reconsider an order or decision made by that judge." D. Kan. Rule 7.3(b). "Motions seeking reconsideration of non-dispositive orders . . . shall be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." *Id.*; *see also Servants of Paraclete v. Does*, 204 F.3d

1005, 1012 (10th Cir. 2000) (stating these same three grounds for a Rule 59(e) motion). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Ferluga v. Eickhoff*, 236 F.R.D. 546, 549 (D. Kan. 2006) (citing *Servants of Paraclete*, 204 F.3d at 1012).

Ms. McGregor submits several factual averments in her Motion for Reconsideration. These include: that she was injured by a coworker in June 2007 at Corporate Café, Inc., which had no workman's compensation insurance; that she was "let go" from that job at Corporate Café, Inc.; that at another job on February 16, 2008, a co-worker caused the tops of her hands to be burned; she had a one month delay in March 2008 in getting her unemployment compensation; she has been unable to seek medical care due to a lack of money; she had three car wrecks in the years 2000, 2003, and 2004; that there was a "cop incident" in 1998; that she recently has had difficulty obtaining employment; and that she spent seventy hours of time trying to get her benefits from the Department of Labor that she could have been spending on this case. Plaintiff then explains that none of these incidents resulted from her fault and that these medical and money limitations are the reasons she is now asking the court to reconsider its July 18, 2008, Order.

Ms. McGregor has set forth only facts in her Motion for Reconsideration. She does not cite any case law or allege that there was an intervening change in controlling law. *See* D. Kan. Rule 7.3(b). She also does not assert that any of these statements are a

result of "new evidence." *See id.* In fact, the reasons she gives for her delay in her Motion to Reconsider all relate to events and corresponding effects of which she was aware prior to when KREC submitted its Motion to Dismiss and before she submitted her Motion for Extension of Time (doc. 24). She also set forth many of the same reasons in her previous filings, such as the three motions for extensions of time that this Court already granted and the Motion for Additional Time on Exhibits and to Amend Answer (doc. 24), which this Court denied. *See* doc. 13 (mentioning unemployment and injuries from a car wreck); doc. 18 (mentioning difficulty getting unemployment benefits and lack of money); doc. 21 (mentioning arm pain, lack of money, allergic reaction, and car wreck); doc. 24 (mentioning arm and neck pain). It is, therefore, "not appropriate to revisit [these] issues already addressed or advance arguments that could have been raised in [her] prior briefing." *See Ferluga*, 236 F.R.D. at 549. The Court finds that there was no misapprehension of facts, Ms. McGregor's position, or controlling law in its previous Order.

Moreover, the Court finds that there is no manifest injustice that must be prevented. First, the court is unconvinced by the reasoning that Ms. McGregor has set forth in her Motion. She also was already granted three previous extensions of time related to this same Response. More importantly, she has filed a twenty-four page Response to KREC's motion to dismiss that this court will consider in its evaluation of KREC's Motion to Dismiss. Ms. McGregor is not entitled to amend or supplement that response or submit exhibits without leave of court simply because she stated she was going to do so in her original Response. The court has construed and continues to

construe her pro se motions liberally. Yet, the court is now unconvinced that it should or must overturn its previous Order when Ms. McGregor is simply rehashing the same facts relating to the alleged causes of her repeated inability to comply with deadlines. For all these reasons, the Court DENIES Ms. McGregor's Motion for Reconsideration (doc. 29).

Similarly, the court grants KREC's Motion to Strike exhibits that Ms. McGregor tendered to the Clerk's Office on July 25, 2008, her Motion filed July 21, 2008 (doc. 26) and her Motion filed July 24, 2008 (doc. 27) from the record. These were filed in contravention of this Court's July 18, 2008, Order that denied her request for additional time on exhibits and to amend her answer. Through those motions (docs. 26 and 27), Ms. McGregor is attempting to amend her Response and to supplement that Response with exhibits, which is exactly what this Court denied. Because these were filed in disregard of the Court's July 18, 2008, Order and for the reasons set forth in the denial of Ms. McGregor's Motion for Reconsideration, the court GRANTS KREC's Motion to Strike (1) Plaintiff's Motion to Amend Brief in Answer to Defendant's Motion to Dismiss and to Submit Exhibits July 24, 2008, filed July 21, 2008, (2) Plaintiff's Motion to Submit Exhibits For Her Answer to Defendant's Motion to Dismiss filed July 24, 2008, and (3) Exhibits that were filed on July 25, 2008 and currently being held by the clerk. (doc. 28) Accordingly, Ms. McGregor's Motions that are referenced as document 26 and document 27 on the docket, as well as the exhibits that were tendered to the clerk on July 25, 2008, are hereby STRICKEN from the record.

The remaining motions before the court are KREC's Motion for Hearing, Motion for Attorney's Fees, and Motion for Extension of Time to File a Reply, submitted jointly

as document 28 on the docket.  The Court DENIES KREC's Motion for Hearing, as this Memorandum and Order has clarified what documents to which KREC may reply.  The Court also DENIES KREC's Motion for Attorney's Fees.  KREC cites no authority in support of its request.  KREC has not moved for Rule 11 sanctions, so the Court does not consider this as a basis to impose an award of fees. *See* Fed. R. Civ. P. 11(c)(1)(A) ("A motion for sanctions under this rule shall be made separately from other motions or requests . . . ."); *Grand Design Golf, Ltd. v. Glinstra*, 112 F.Supp.2d 1098, 1105 (D. Kan. 2000).  KREC also did not cite 42 U.S.C. § 1988, which governs the award of attorney's fees in cases brought pursuant to 42 U.S.C. § 1983 as Ms. McGregor has.  Even if KREC had cited this as a basis, the Court would not find that Ms. McGregor's actions were "unreasonable, frivolous, meritless or vexatious" sufficient to warrant attorney's fees at this stage of the litigation.  *See Glinstra*, 112 F.Supp.2d at 1105; *see also Houston v. Norton*, 215 F.3d 1172 (10th Cir. 2000) (discussing standard for whether attorney's fees could be assessed against a pro se plaintiff in a § 1983 action and explaining, "the district court should consider the pro se plaintiff's ability to recognize the objective merit of his or her claim. . . . The mere fact that a plaintiff has filed numerous lawsuits in the past does not support the imposition of fees.").  The Court also does not find, at this time, that Ms. McGregor has acted in bad faith sufficient to invoke the Court's inherent power to impose attorney's fees.  *See* Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2675.  Last, the Court GRANTS the Motion for Extension of Time to File a Reply.  KREC must file its Reply no later than September 22, 2008.

**IT IS HEREBY ORDERED** that Ms. McGregor's July 21, 2008, Motion to Amend Brief in Answer to Defendant's Motion to Dismiss and to Submit Exhibits July 24, 2008 (doc. 26), her Motion to Submit Exhibits for her Answer to Defendant's Motion to Dismiss (doc. 27), and the exhibits delivered to the Clerk's Office on July 25, 2008, are **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that KREC's jointly filed Motions to Strike, for Hearing, for Extension of Time and for Attorney's Fees (doc. 28) are **GRANTED IN PART** and **DENIED IN PART**. The Court **DENIES** KREC's Motion for Hearing. The Court also **DENIES** KREC's Motion for Attorney's Fees. The Court **GRANTS** KREC's Motion to Strike. The Court also **GRANTS** KREC's Motion for Extension of Time to File a Reply. KREC must file its Reply no later than **September 22, 2008**.

**IT IS FURTHER ORDERED** that Ms. McGregor's Motion for Reconsideration of Order Denying Motion to Amend Answer and Additional Time to Submit Exhibits (doc. 29) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 29th day of August, 2008.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge