IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| L.A. McGREGOR, )<br>)<br>        Plaintiff, )<br>)<br>v. )<br>)<br>THE KANSAS REAL ESTATE )<br>COMMISSION, )<br>        Defendant. )<br>)<br>_____) | Case No. 08-2041-JWL |

**MEMORANDUM AND ORDER**

In this action, plaintiff L.A. McGregor, appearing pro se, alleges that defendant Kansas Real Estate Commission ("KREC") violated her constitutional rights in connection with the revocation or suspension of her real estate license. This matter comes before the court at this time on defendant's motion to dismiss (doc. 10). The defendant alleges the complaint fails on various grounds, including a lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, sovereign immunity, expiration of the statute of limitations, mootness, waiver, and laches. Because the *Rooker-Feldman* doctrine bars the court from exercising subject matter jurisdiction, the court grants defendant's motion to dismiss (doc. 10).[1]

---

[1] Because the court determines that it does not have jurisdiction over plaintiff's claim, the court declines to address defendants' alternative bases for dismissal. It should
(continued...)

**FACTUAL BACKGROUND**

This case arises out of several disciplinary complaints against Ms. McGregor before KREC. Ms. McGregor, alleging that KREC violated her due process rights when it revoked her real estate license, filed suit in the instant case on January 22, 2008 pursuant to 42 U.S.C. § 1983 and the U.S. Constitution. Ms. McGregor alleges that KREC "failed to follow administrative procedures guidelines under the Kansas Administrative Procedures Act, denied Plaintiff her rights to be heard in a meaningful manner, to defend herself, and denied her effective counsel, and to be treated fairly under due process." (Compl. ¶ 7). Ms. McGregor requests "damages of $15,000 in costs and a fair and impartial hearing."

KREC first instituted disciplinary proceedings against Ms. McGregor on December 13, 2004. A pre-hearing conference was scheduled for February 15, 2005, and notice of this hearing was sent to Ms. McGregor on January 11, 2005 . On February

---

[1](...continued)
be noted, however, that Ms. McGregor admits KREC is a state agency, and it is well-settled that state agencies are not "persons" for the purposes of section 1983. *Hartman v. Kickapoo Tribe Gaming Comm'n*, 319 F.3d 1230, 1234 (10th Cir. 2003) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). In her response to defendant's motion to dismiss (doc. 23), Ms. McGregor appears to request leave to amend her complaint to add the individual members of KREC, presumably as defendants. The court interprets "And a reasonable opportunity to remedy defects in her pleading to add the Administrative Judge Gaschler and reluctantly the five members of the KREC to her pleading" as a request for leave to amend her complaint. (Plaintiff's Response to Defendant's Motion to Dismiss (doc. 23), at 10). However, such a motion is futile given that the court lacks subject matter jurisdiction over her claim.

14, 2005, Ms. McGregor asked that the pre-hearing conference be rescheduled due to her health problems. KREC granted this request and scheduled the new pre-conference hearing for March 2, 2005, which Ms. McGregor attended. Ms. McGregor failed to comply with the deadlines set forth in the pre-hearing order, and the hearing officer issued a notice of proposed default order on April 13 and April 14, 2005. On May 26, 2005, the Hearing Officer entered Initial Orders, which included the revocation of Ms. McGregor's real estate license. On June 15, 2005, the orders became final. On July 19, 2005, Plaintiff filed a petition for judicial review of the agency's decision in state court. On January 17, 2006, the Shawnee County District Court affirmed KREC's decision to revoke Ms. McGregor's real estate license.

**DISCUSSION**

KREC moved to dismiss Ms. McGregor's section 1983 claim on the grounds that her claim is barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "It is beyond dispute that '*Rooker-Feldman* is a jurisdictional prohibition.'" *Dickerson v. Bates*, 287 F. Supp. 2d 1251, 1254 (D. Kan. 2003) (quoting *Pittsburg County Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 705 (10th Cir. 2004)). Under 28 U.S.C. § 1257, "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari." *Pittsburg County*, 358 F.3d at 706. The negative inference

from this statute is that state court judgments may receive federal review only in the United State Supreme Court. *Dickerson*, 287 F. Supp. 2d at 1254. Therefore, the *Rooker-Feldman* doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state court judgments rendered before the district court proceedings commenced." *Mann v. Boatright*, 477 F.3d 1140, 1446 (10th Cir. 2007). State court proceedings are final for *Rooker-Feldman* purposes when a party allows the time for appeal from a lower state-court judgment to lapse. *Bear v. Patton*, 451 F.3d 639, 642 (10th Cir. 2006). In her complaint, Ms. McGregor states: "On January 17, 2006, a final judgment was rendered in the taking of Plaintiff's real estate license in Shawnee District Court as to Plaintiff's timely appeal in the revocation of her license." (Compl. ¶ 6). When considering the defendant's motion to dismiss, the court must accept the facts alleged in plaintiff's complaint as true, and thus the state proceedings were final for *Rooker-Feldman* purposes.

The *Rooker-Feldman* doctrine "also bars any 'action in federal court that alleges an injury 'inextricably intertwined' with a state court decision, such that success in the federal court would require overturning the state court decision.'" *Wideman v. Colorado*, 242 Fed. App'x 611, 613-14 (10th Cir. 2007) (quoting *Epps v. Credit-net, Inc.*, 320 F.3d 756, 758-59 (7th Cir. 2003)). It is readily apparent that Ms. McGregor's section 1983 claims were not actually decided by the Kansas courts. Therefore, the court must decide whether Ms. McGregor's federal cause of action is "inextricably intertwined" with the Kansas state court judgment.

4

In applying the "inextricably intertwined" standard, the court asks "whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Pittsburg County*, 358 F.3d at 707 (quoting *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 476 (10th Cir. 2002)). "Stated another way, the court asks whether 'the state-court judgment caused, actually and proximately, the injury for which the federal-court plaintiff seeks redress.'" *Dickerson*, 287 F. Supp. 2d at 1254.

After a careful reading of plaintiff's complaint and response to the defendant's motion to dismiss, giving her the liberality given to all pro se litigants, the court concludes that plaintiff's claim is inextricably intertwined with the state court's judgment, and thus, under the *Rooker-Feldman* doctrine, the court does not have jurisdiction over Ms. McGregor's section 1983 claim. Ultimately, Ms. McGregor would like her real estate license back. In her complaint, she asks for a new fair and impartial hearing on whether her license should have been revoked. In her response to defendant's motion to dismiss, Ms. McGregor repeatedly raises factual contentions she believes excuse her non-compliance with KREC's procedures and therefore constitute a lack of due process. *See e.g.*, Plaintiff's Response to Defendant's Motion to Dismiss (doc. 23), at 3-9 (discussing the extensive medical problems and car accidents which Ms. McGregor contends KREC should have considered in granting her more time to respond). However, it is impossible for the court to consider Ms. McGregor's claims

5

without calling into question the state court judgment and violating the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine does not bar a federal action when the plaintiff was not afforded a reasonable opportunity to litigate the case in state court. *Johnson v. Rodrigues*, 226 F.3d 1103, 1110 (10th Cir. 2000). However, that is not the case here. Ms. McGregor had the opportunity to challenge the revocation of her real estate license through administrative proceedings and at the state district court level. In her response to defendant's motion to dismiss, Ms. McGregor argues that she was unable to raise her constitutional questions and section 1983 claim in the Shawnee County District Court proceedings.[2] (Plaintiff's Response to Defendant's Motion to Dismiss (doc. 23), at 14-15). However, the Kansas Administrative Procedures Act allows for such issues to be raised in the state court's review of an agency action. For example, K.S.A. § 77-621 discusses the scope of review of agency action by the district court, and one basis upon which the court could grant relief is if the agency action was unconstitutional. *See* K.S.A. § 77-621(c)(1). In addition, K.S.A. § 77-617 allows new issues to be raised at the district court level, and K.S.A. § 77-619(a) allows new evidence to be presented in

---

[2]The fact that the section 1983 claim was not actually raised in the state court proceeding has no bearing on the application of *Rooker-Feldman*. *See Dickerson*, 287 F. Supp. 2d at 1255 n.2 (discussing the fact that federal RICO claims not being raised in state proceedings did not prevent the application of the *Rooker-Feldman* doctrine).

addition to the agency record when it pertains to the improper make-up of the decision-making body or "unlawfulness of procedure or of decision-making process." Consequently, Ms. McGregor could have raised her constitutional questions at the district court level, and the *Rooker-Feldman* doctrine prevents this court from acting as an appellate court to review the decision of the state district court. This court, therefore, lacks subject matter jurisdiction over Ms. McGregor's claim.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion to dismiss (doc. 10) is granted.

IT IS SO ORDERED.

Dated this 8th day of October, 2008, in Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge
